[See Case No. 17,542.]

---

## Case No. 17,542.

### WHITE v. CLARKE et al.

[5 Cranch, C. C. 530.] [1]

Circuit Court, District of Columbia. Nov. Term, 1838.

APPEAL — AFFIRMANCE — EFFECT OF MANDATE — SUPERSEDING JUDGMENT.

When a decree of this court is affirmed by the supreme court of the United States, and a mandate is sent to this court, commanding that such execution and proceedings be had in said cause as according to right, justice, and the laws of the United States, ought to be had, the appeal notwithstanding; and this court makes an order that the defendants without further delay, perform the decree thus affirmed with costs, this order is not such a judgment or decree as may be superseded under the Maryland act of 1791, c. 67.

On the 10th of June, 1837, this court decreed that the injunction, in this case granted, restraining the defendants from transferring certain promissory notes which the plaintiff had given them, should be perpetual; that the defendants should, without delay, bring the said notes into court to be cancelled, and should pay the plaintiff $1,083.55, (being the amount paid by him on three judgments obtained against him by Clagget and Washington, on three notes which the defendants had passed to them before maturity,) and interest thereon from the said 10th of June, 1837, and that they pay the costs of the suit. [Case No. 17,540.] From this decree, the defendants appealed to the supreme court of the United States, who, on the 22d of February, 1838, affirmed the same with costs, and damages, at the rate of 6 per cent. per annum, and sent a mandate to this court, commanding that "such execution and proceedings be had in said cause, as according to right and justice, and the laws of the

1 [Reported by Hon. William Cranch, Chief Judge.]

United States, ought to be had, the said appeal notwithstanding." [12 Pet. (37 U. S.) 178.] Whereupon this court, on the 11th of April, 1838, after reciting the decree of this court of the 10th of June, 1837, the appeal, the affirmance, and the mandate, ordered that the defendants, without further delay, bring the notes into court to be cancelled, and the said sum of money with interest thereon, and costs of this suit, and $142.88, the complainants' costs in this suit in the supreme court, to be paid to the complainant; and that herein the said defendants fail not. The defendants brought the notes into court, but instead of bringing the money into court, produced a certificate from two justices of the peace, that on this 21st day of April, 1838, the defendants, with Walter Clarke and James T. Clarke, confessed judgment to the plaintiff "for the sum of $1,083.55, with interest from the 10th of June, 1837, until paid, and costs of this suit, namely, $147.58, and $142.80, the costs in the supreme court, and the additional costs thereon, which sums were recovered by the said W. G. W. White against the said Joseph S. Clarke and Richard G. Briscoe, on the 11th of April, in the year of our Lord, 1838, by a decree of the circuit court of the District of Columbia, sitting as a court of equity, for Washington county aforesaid." [Case No. 17.541.]

In this state of the case, Mr. Marbury and Mr. Key, for the complainant, moved for an attachment against the defendants for not bringing the money into court, according to the order of the 11th of April, 1828; and contended that the judgment thus confessed before the two justices, is not a supersedeas. That the order of the 11th of April is not a final decree upon which an execution could issue; it is a mere command to the defendants to perform the final decree of the 10th of June, 1837; and it is now too late to supersede that decree, because more than two months have expired since that decree was passed; and it was superseded by the appeal-bond until the affirmance of the cause in the supreme court, and cannot now be superseded by a confession of judgment.

Mr. Hoban, contra, contended that the order of the 11th of April is a renewal of the decree of the 10th of June, 1837, and may now be superseded.

Mr. Key, for complainant, in reply, contended that the act of assembly of Maryland of November, 1791, c. 67, does not apply to such a decree as this, which is a mere order to the defendant to obey a previous decree. That the act contemplated only ordinary decrees simply for the payment of money, and not a complicated decree to do particular acts, and also to pay money; the whole decree must be superseded, or no part of it.

THE COURT (THRUSTON, Circuit Judge, contra,) was of opinion that the confession of judgment was not a supersedeas; but refused to grant an attachment, saying that the complainant might have a fieri facias.